IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARELI CARBAJAL ESCOBAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00102 |
| | ) | |
| BOBBY LUMPKIN, Director | ) | *DEATH PENALTY CASE* |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO STAY PROCEEDING

Applicant Areli Escobar requests that the Court stay this proceeding pending additional proceedings related to a state habeas application.

On May 25, 2011, the 167th District Court of Travis County, Texas, entered a judgment convicting Mr. Escobar of capital murder and sentencing him to death. The Texas Court of Criminal Appeals ("CCA") affirmed the judgment on November 20, 2013. *Escobar v. State*, No. AP-76,571, 2013 WL 6098015 (Tex. Crim. App. Nov. 20, 2013). The Supreme Court denied certiorari review of Mr. Escobar's judgment on October 20, 2014, triggering the running of a one-year federal statute of limitation. 28 U.S.C. § 2244(d)(1)(A). The limitations period was immediately tolled by a pending application for writ of habeas corpus Mr. Escobar had filed in state court on May 30, 2013. 28 U.S.C. § 2244(d)(2). The CCA denied that application on February 24, 2016. *Ex parte Escobar*, No. WR-81,574-01, 2016 WL 748448 (Tex. Crim. App. Feb. 24, 2016).

On February 10, 2017, after discovering information casting substantial doubt upon the reliability of the forensic evidence the State had relied upon to obtain its conviction, Mr. Escobar

filed a second habeas application in state court to exhaust claims relating to the new discoveries. At this time, Mr. Escobar had approximately two weeks remaining on the federal statute of limitations. The CCA authorized the second state habeas application to be considered on the merits and remanded the case to the state trial court for fact adjudication.

On December 31, 2020, the habeas court recommended granting relief under both state law and the federal constitution because the DNA evidence relied upon for Mr. Escobar's conviction was scientifically unreliable, false, and misleading. *Ex parte Escobar*, No. WR-81,574-02, Trial Cause No. D-1-DC-09-301250, Findings of Fact and Conclusions of Law (167th Tex. Dist. Dec. 31, 2020). In these findings, the habeas court also noted that "it would be shocking to the conscience to uphold the conviction of Mr. Escobar. Mr. Escobar's trial was fundamentally unfair." *Id.* at *256. On January 11, 2021, the State filed Objections, in which it objected to specific findings made by the trial court, but it accepted the trial court's recommendation that relief be granted due to, inter alia, violations of the federal constitution. On January 26, 2022, the CCA denied relief notwithstanding the trial court's fact-findings.

On February 8, 2022, Mr. Escobar filed a protective habeas corpus application in this Court to ensure compliance with the statute of limitations.

On March 11, 2022, the State of Texas filed a Suggestion for Reconsideration in the CCA in which the State "ultimately concur[ed[ with the District Court that [Mr. Escobar's] due process rights under the laws and Constitution of Texas and under the Constitution of the United States have been violated." State's Suggestion for Reconsideration on the Court's Own Initiative at 4, *Ex parte Escobar*, No. WR-81,574-02 (Tex. Crim. App. Mar. 11, 2022) (attached as Appendix A). In its Suggestion, the State explicitly affirmed that it "has conceded that [Mr. Escobar] is entitled to

relief" and suggested that the CCA "file and set the case and order briefing from the parties." *Id.* at 2.

Undersigned counsel also understands that Mr. Escobar, through his current state habeas counsel, intends to seek review of the CCA's judgment and file a petition for a writ of certiorari in the United States Supreme Court, currently due by April 26, 2022. *See* U.S. Sup. Ct. R. 13.

**I.    A Stay Should Be Granted to Ensure the Texas Court of Criminal Appeals Will Exercise Jurisdiction to Consider the Reconsideration Motion.**

Texas courts will not consider state habeas corpus applications when an applicant also has a habeas corpus application pending in federal court concerning the same matter. *See Ex parte Soffar*, 143 S.W.3d 804, 805 (Tex. Crim. App. 2004). "This abstention doctrine—or 'two forums' rule—was based upon important considerations of comity, avoidance of piecemeal litigation or inconsistent results, and judicial economy." *Id.* at 805. This abstention doctrine historically was absolute in its application. In 2004, however, the CCA modified the doctrine. Under the modified abstention doctrine, if a federal court exercising jurisdiction over an application for habeas corpus stays its proceeding, the state court will consider the claims notwithstanding its pendency in the federal court. *Id.* Particularly where the State has conceded relief and is seeking further proceedings in State court, the pending Suggestion for Reconsideration raises some of the same concerns expressed in *Soffar* about co-pending state and federal habeas corpus applications, namely, preventing duplicative and inefficient litigation where resolution may be reached in the state court before a federal court reaches the merits. *See id.* at 806.

Fifth Circuit decisions recognize that suggestions for reconsideration filed in habeas cases in the CCA are part of a "properly filed" habeas corpus application which toll the limitations period. *See Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (holding that Texas petitioner's federal application was tolled until motion for reconsideration pending in CCA was resolved); *id.*

("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court.") (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998) (internal quotations omitted).

The Fifth Circuit has also recognized that the CCA does in fact entertain suggestions for reconsideration and has granted relief on these motions. *Emerson*, 243 F.3d at 935 ("[T]he Texas courts have provided state habeas petitioners with the hope that a motion or suggestion for reconsideration may be successful."). *See also Ex parte Robertson*, 603 S.W.3d 427 (Tex. Crim. App. 2020) (reconsidering prior denial); *Ex parte Hood*, 304 S.W.3d 397 (Tex. Crim. App. 2010) (reconsidering prior denial and granting relief); *Ex parte Moreno*, 245 S.W.3d 419 (Tex. Crim. App. 2008) (reconsidering prior denial and granting relief). In *Ex parte Hunter*, the CCA exercised its authority to reconsider a prior denial of a habeas corpus application, noting that the federal district court in which a habeas application was also pending had stayed its proceeding. *Ex Parte Hunter*, No. WR-69,291-01, 2016 WL 4793152, at *1 (Tex. Crim. App. Mar. 9, 2016) (not designated for publication). The CCA's grant of relief after reconsideration obviated the need for any additional federal proceedings. *See* Order, *Hunter v. Stephens*, No. 10-cv-00778 (S.D. Tex. Mar. 11, 2016) ("State habeas proceedings have concluded. The case is reopened and reinstated to the active docket. But because Hunter is no longer in custody under a death sentence, his federal petition for a writ of habeas corpus is dismissed as moot.").

For these reasons, the Court should stay the federal proceedings pending the CCA's consideration of the Suggestion for Reconsideration filed by the State and any further state court proceedings in response to it.

**II.    A Stay Should Be Granted Pending the Consideration and Disposition of a Petition for a Writ of Certiorari in the United States Supreme Court.**

In the ongoing state court habeas proceeding, the State has agreed that Mr. Escobar is in custody in violation of the United States Constitution and has asked the CCA to reconsider its denial of Mr. Escobar's habeas application. If the CCA denies reconsideration, undersigned counsel understands that Mr. Escobar, through his state habeas counsel, intends to file a petition for a writ of certiorari seeking review of that judgment, a proceeding which could also obviate the need for any further proceedings in this Court.

In *Lawrence v. Florida*, the United States Supreme Court held that the filing of a petition for a writ of certiorari seeking review of a state court judgment denying habeas corpus relief does not constitute an "application for State post-conviction or other collateral review" that is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) that operates to toll that subsection's one-year statute of limitation. 549 U.S. 327, 333 (2007) ("State remedies are exhausted at the end of state-court review."). The Court recognized that this interpretation might require prisoners seeking certiorari review of such state court judgments to simultaneously file protective habeas corpus applications in federal court in order to avoid the limitations period expiring, *id*. at 334. Recognizing that this co-pendency could create "duplicative work," the Supreme Court observed that a district court could stay its proceeding on the habeas application until that Court resolves the certiorari petition. *Id*. at 335. *See also Freeman v. Att'y Gen. for New Mexico*, No. CV 20-910 JB/SCY, 2020 WL 7768318, at *5 (D.N.M. Dec. 30, 2020) (district court staying state habeas petition until Supreme Court resolves the appeal or denies the petition for certiorari); *Foster v. Chatman*, 578 U.S. 488, 524 (2016) (Alito, J., concurring) ("Recently, this Court has evidenced a predilection for granting review of state-court decisions denying postconviction relief, see, *e.g.*, *Wearry v. Cain*, 577 U.S. ——, 136 S.Ct. 1002, 194 L.Ed.2d 78 (2016) (per curiam).").

In light of the State's current position that Mr. Escobar is confined in violation of the United States Constitution, the Court should stay further proceedings on Mr. Escobar's protective habeas application pending the filing and disposition of a petition for a writ of certiorari in the Supreme Court.

## CONCLUSION

For the foregoing reasons, Mr. Escobar requests that this Court enter an order: (1) suspending the current scheduling order; (2) staying the federal habeas proceeding until the conclusion of the state habeas corpus proceeding, including by disposition of a petition for a writ of certiorari; and (3) directing the applicant to notify this Court regarding the resolution of those proceedings within 30 days of disposition and submit a proposed scheduling order for resuming the federal proceeding.

Respectfully submitted,

/s/Estelle Hebron-Jones

**Estelle Hebron-Jones**
Texas State Bar No. 24114007
Texas Defender Service
1927 Blodgett Street
Houston, Texas 77004
ehebron-jones@texasdefender.org

**Jennae R. Swiergula**
Texas State Bar No. 24104466
**Kevin Trahan**
Texas State Bar No. 24120670
Texas Defender Service
1023 Springdale Road #14E
Austin, Texas 78721
jswiergula@texasdefender.org
ktrahan@texasdefender.org

## CERTIFICATE OF CONFERENCE

 I certify that on March 14, 2022, I conferred with Ali Nasser, counsel for Respondent, who stated that Respondent opposes this motion.

<u>/s/Estelle Hebron-Jones</u>
Estelle Hebron-Jones

## CERTIFICATE OF SERVICE

I certify that on March 14, 2022, I electronically filed the foregoing motion using the CM/ECF system. I have also sent a copy via email to counsel for the Director ali.nasser@oag.texas.gov.

/s/Estelle Hebron-Jones  
Estelle Hebron-Jones

**PROPOSED STAY ORDER**

Before the Court is applicant Areli Escobar's motion to stay the instant proceeding. Upon consideration, it is hereby ORDERED that applicant's motion is GRANTED. This matter is stayed pending final disposition of state court proceedings, including certiorari review by the Supreme Court of the United States. Applicant shall notify the court within 30 days of the finality of such proceedings, whether by denial of certiorari or the expiration of time for seeking such review.

It is so ORDERED.

Signed this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE