IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARELI ESCOBAR, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIV. NO. 1:22-CV-00102-LY |
| | § | *DEATH PENALTY CASE* |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**RESPONDENT'S RESPONSE IN OPPOSITION TO
MOTION TO STAY PROCEEDINGS**

This is a federal habeas case in which the petitioner, Areli Escobar, is under a sentence of death. On February 24, 2016, the Texas Court of Criminal Appeals (CCA) denied Escobar's first state habeas application. *Ex parte Escobar*, No. WR-81,574-01, 2016 WL 748448 (Tex. Crim. App. Feb. 24, 2016) (not designated for publication). Almost one year later, he filed a subsequent writ application in state court, which the CCA remanded to the trial court for factual development. *Ex parte Escobar*, No. WR-81,574-02, 2017 WL 4675538 (Tex. Crim. App. Oct. 18, 2017) (not designated for publication). On January 26, 2022, after factual development, the CCA rejected the trial court's recommendation that relief be granted and denied Escobar's subsequent writ application. *Ex parte Escobar*, No. WR-81,574-02, 2022 WL 221497, at *1–4 (Tex. Crim. App. Jan. 26, 2022) (not designated for publication).

On February 7, 2022, Escobar filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Two days later, this Court entered a scheduling order

1

requiring the Director to file his answer within 90 days of the order. ECF No. 8. On March 14, 2022, Escobar filed his motion to stay proceedings. ECF No. 9 (Mot.). The Director's response follows.

**ARGUMENT**

Escobar seeks a stay for two reasons unrelated to any state court litigation: First, he requests a stay so that the CCA will not be encumbered by the two forums rule when deciding whether to reconsider its denial of Escobar's second state writ application (suggestion-for-reconsideration argument). Mot. at 3–4. And second, he requests a stay during the pendency of his petition for writ of certiorari to the United States Supreme Court so that—on the rare chance the Supreme Court grants certiorari—this Court will not have undergone unnecessary, duplicative work (petition-for-certiorari argument). *Id.* at 5.

Neither of Escobar's arguments warrant a stay under *Rhines v. Weber* because Escobar has no unexhausted claim with some merit that he seeks to present in state court and because his request is meant to delay the proceeding. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Moreover, even assuming Escobar's arguments could be considered under *Rhines*, his motion should still be denied because his suggestion-

for-reconsideration argument is moot, and his petition-for-certiorari argument is meritless.

I.  **Escobar fails to show that, under *Rhines*, the Court has discretion to stay his case absent any request to exhaust a claim in state court or initiate state court proceedings.**

Escobar does not present an unexhausted claim with some merit that he seeks to exhaust. Instead, Escobar asks this Court to stay the case so that it can wait on litigation that will have no bearing on the exhaustion of the claims he has already filed in federal court. *See generally* Mot. Given the principles discussed in *Rhines*, this Court should deny Escobar's request.

*Rhines* gives a district court the discretion to stay a case filed under 28 U.S.C. § 2254 so that a petitioner with a potentially meritorious claim that is unexhausted through no fault of the petitioner may exhaust it without being time-barred upon a return to federal court. *See Rhines*, 544 U.S. at 273–77. But it also recognized that "[s]taying a federal habeas petition frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Thus, the Supreme Court clarified that a district court should only tolerate this frustration "in limited circumstances": (1) when a petitioner can show good cause for failure to exhaust a claim, (2) when the petitioner's unexhausted claim is not

---

[1] "AEDPA" denotes the Antiterrorism and Effective Death Penalty Act of 1996. *See, e.g.*, 28 U.S.C. § 2254.

plainly meritless, and (3) when the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277–78.

Escobar fails to show that such limited circumstances exist here. He does not argue that he needs to exhaust a potentially meritorious claim. *See generally* Mot. Therefore, his requested stay serves no purpose that would justify frustrating AEDPA's objective of reducing delay. Moreover, Escobar's request is an intentional, dilatory tactic. He filed a petition which he concedes is "protective" and thus apparently plans to file an amended petition at some point. Mot. at 2, 6. In the time that Escobar is challenging his state habeas denial through petition for certiorari to the Supreme Court, he could advance his federal habeas litigation by moving for an amended scheduling order to allow him to file an amended petition. But he has not done so yet. So Escobar apparently intends to handle such housekeeping matters *after* the disposition of his petition for writ of certiorari. There is no legitimate reason for such a strategy—like needing to exhaust a potentially meritorious claim—just as there was no justification for waiting to file his stay motion more than a month after filing his petition despite apparently having knowledge that state counsel would be pursuing a petition for writ of certiorari. There is only an illegitimate reason: delay.

Moreover, Escobar's petition-for-certiorari argument is particularly troubling because, if accepted, it would warrant a stay of proceedings in every federal habeas case, so long as a party filed a petition for certiorari challenging their state habeas denial. The Supreme Court warned of similar tactics in *Lawrence v. Florida*, 549 U.S. 327 (2007). In deciding that a petition for certiorari from the denial of a state court

4

collateral proceeding did not toll the statute-of-limitations deadline, the Supreme Court reasoned that if it did, petitioners would routinely file a petition for certiorari from a state collateral proceeding—"regardless of the merit of the claims asserted"—as a "delay tactic" to gain more time to file their federal habeas applications. *Id.* at 336.

Escobar tries to squeeze through the loophole in *Lawrence* by instead filing a protective petition and then staying the case while his petition for certiorari is pending in the Supreme Court. If granted, these stays would effectively give petitioners the ability to create the exact type of delay *Lawrence* sought to avoid. Therefore, if accepted, Escobar's argument does not just have "the potential to undermine" AEDPA's purpose of reducing delay, it has a guarantee of doing so. *Id.* at 278.

While AEDPA did not deprive district courts of authority to issue stays, it did "circumscribe their discretion" such that stays must "be compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. Yet, Escobar's requested stay could not be more incompatible. It serves no purpose under AEDPA, as Escobar will not use the stay to exhaust any claim that will be adjudicated by this Court. Worse, it is intentionally being used as a dilatory tactic in this case to frustrate AEDPA's purpose of preventing delay. And worse than that, if accepted, it paves the way for a dilatory tactic that can be used in every federal habeas case. Therefore, this Court should deny Escobar's motion.

**II. Even assuming Escobar's request was appropriate under *Rhines*, he fails to show that his request for a stay is not plainly meritless because his suggestion-for-reconsideration argument is moot, and his petition-for-certiorari argument is meritless.**

In his first argument, Escobar asks for a stay because the State filed a suggestion that the CCA reconsider on its own motion its denial of Escobar's second writ application. Mot. at 3–5. Escobar argues that, under the "two forums" rule, the CCA will not properly consider the State's suggestion if federal proceedings concerning the same matter are still pending. *Id.* at 3. Whatever the merits of this argument are,[2] this Court does not need to decide them. On March 15, 2022, the CCA denied the State's suggestion.[3] *Ex parte Escobar*, WR-81,574-02 (Tex. Crim. App. Mar. 15, 2022) (postcard notification that the State's suggestion was denied).

---

[2] The Director maintains that this request would still have been meritless. In denying Escobar's second writ application, the CCA methodically explained that, despite the presentation of allegedly false testimony at trial and despite the habeas court noting new DNA results upon retesting DNA samples under current scientific standards, there was still compelling circumstantial and forensic evidence linking Escobar to the murder—including DNA evidence from the retesting results. *Ex parte Escobar*, 2022 WL 221497, at *3–4. Whatever the State's motive for conceding relief in such a case is, the pertinent issue is not the State's willingness to concede relief, but rather the CCA's determination that relief was not warranted. The State's suggestion for reconsideration only reiterated that the State was trying to concede relief and voiced its "concern[]" that the CCA might not have been aware of that fact. Mot. App'x. A at 4–5. It did not give any reason why the CCA's decision is unreasonable, nor did it give any reason for the CCA to revisit its ruling on Escobar's subsequent writ application. *Id.* Moreover, even assuming the suggestion was potentially meritorious, Escobar fails to present any authority that a potentially meritorious suggestion for consideration in the CCA warrants staying federal habeas litigation in the same matter. *See generally* Mot.

[3] Escobar did not file an advisory notifying the Court of this particularly relevant development.

Therefore, Escobar's argument that a stay is needed to clear the way for the CCA to dispose of the State's suggestion to reconsider is moot.

In his second argument, Escobar asks for a stay pending the consideration and disposition of his petition to the United States Supreme Court for writ of certiorari from the CCA's denial of his second state writ application. Escobar points to the language in *Lawrence*, which suggests that if a district court is concerned about "duplicative work" resulting from contemporaneous petitions for certiorari and federal habeas petitions on the same matter, it could stay the proceeding. *Lawrence*, 549 U.S. at 335.

Not only is Escobar hanging his hat on dicta, but he also leaves out that *Lawrence* stressed just how rare concerns about duplicative work are:

> Contrary to Lawrence's suggestion, our interpretation of § 2244(d)(2) results in few practical problems. As Justice STEVENS has noted, "this Court rarely grants review at this stage of the litigation even when the application for state collateral relief is supported by arguably meritorious federal constitutional claims," choosing instead to wait for "federal habeas proceedings." *Kyles v. Whitley,* 498 U.S. 931, 932(1990) (opinion concurring in denial of stay of execution). Thus, the likelihood that the District Court will duplicate work or analysis that might be done by this Court if we granted certiorari to review the state postconviction proceeding is quite small.

*Id*.

Escobar provides no argument in his motion showing that the denial of his second writ application is one of those rarities. And upon closer look, it is clearly *not* one of those rarities. In disposing of Escobar's subsequent writ application, the CCA denied Escobar's false evidence, prosecutorial misconduct, and new science claims. *Ex parte Escobar*, 2022 WL 221497, at *3–4. Escobar's challenge to the CCA's

7

application of well-defined and longstanding rules is the type of challenge the Supreme Court "rarely" grants for certiorari review: "A petition for a writ of certiorari is rarely granted when the asserted error consists of . . . the misapplication of a properly stated rule of law." Sup. Ct. R. 10.[4]

Rather, review of such misapplications of law are reserved for precisely *these* proceedings.[5] *See* 28 U.S.C. § 2254(d). So, if Escobar truly seeks federal review of the CCA's denial, such review will be better accomplished by moving forward in this proceeding, not staying it.

**CONCLUSION**

For the foregoing reasons, the Director respectfully requests that the Court deny Escobar's motion for stay.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

---

[4] Escobar has provided no information indicating that his yet-to-be-filed petition for certiorari will assert matters that the Supreme Court is more willing to take up on a petition for certiorari, such as circuit splits, state-courts-of-last-resort splits, or unsettled matters of law. *See* Mot. at 5; Sup. Ct. R. 10.

[5] This would not apply to Applicant's new-science claims, which were raised in state court under article 11.073 of the Texas Code of Criminal Procedure and are therefore not cognizable in these proceedings. *See Ex parte Escobar*, 2022 WL 221497, at 2–4; Tex. Code Crim. Proc. art. 11.073; 28 U.S.C. § 2254(a) (limiting the authority to entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States").

<table>
<tr><td>* <i>Counsel of Record</i></td><td>JOSH RENO<br>Deputy Attorney General<br>for Criminal Justice<br><br>EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division<br><br><u>/s/ Ali M. Nasser</u><br>ALI M. NASSER*<br>Assistant Attorney General<br>State Bar No. 24098169<br><br>P. O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 936-2134<br>(512) 936-1280 (Facsimile)<br>Ali.Nasser@oag.texas.gov<br><br><i>Counsel for Respondent</i></td></tr>
</table>

## CERTIFICATE OF SERVICE

I do hereby certify that on March 28, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Estelle Hebron-Jones
Texas Defender Service
1927 Blodgett St
Houston, TX 77004
713-222-7788
ehebron-jones@texasdefender.org

                                               <u>/s/ Ali M. Nasser</u>
                                               ALI M. NASSER
                                               Assistant Attorney General