**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ARELI ESCOBAR CARBAJAL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cv-00102-LY** |
| | ) | |
| **BOBBY LUMPKIN, Director** | ) | **\*DEATH PENALTY CASE\*** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPLY TO THE DIRECTOR'S RESPONSE IN OPPOSITION TO MOTION TO STAY
PROCEEDINGS**

On March 14, 2022, Applicant Areli Escobar, through undersigned counsel, filed a Motion

to Stay Proceedings. On March 28, 2022, the Director filed Respondent's Response in Opposition

to Motion to Stay Proceedings ("Resp. in Opp."). Mr. Escobar replies to the Director's Response

as follows:

**ARGUMENT**

The Director argues that this Court does not have the discretion to grant a stay. The Director

argues in the alternative that, even if the Court could consider Mr. Escobar's arguments, the motion

should still be denied because the Texas Court of Criminal Appeals ("CCA") denied the State's

Suggestion for Reconsideration and because Mr. Escobar's assertion that this Court should grant

a stay while the Supreme Court considers a forthcoming petition for a writ of certiorari is without

merit. Mr. Escobar seeks to stay these proceedings in the interests of judicial economy and to avoid

inefficient, duplicative litigation where final disposition has not yet been reached in a state court

collateral action that could render this federal action moot. Contrary to the Director's arguments,

this Court has the authority to stay Mr. Escobar's habeas proceedings and should do so.

1

I.    **Mr. Escobar's Request for a Stay is Not Moot Because the Suggestion for Reconsideration Is Still Pending in the CCA**

The Director asserts that the CCA has denied the State's Suggestion for Reconsideration cited in Mr. Escobar's Motion to Stay Proceedings. The Director is confusing the CCA's denial of a pro se Motion for Reconsideration filed by Mr. Escobar for a ruling on the State's Suggestion. However, the State's Suggestion, which forms just one of the bases for Mr. Escobar's request for a stay, is still pending

On February 9, 2022, the CCA received Mr. Escobar's Pro Se Motion to Reconsider the Court of Criminal Appeals' Ruling and to Accept the District Court's Recommendation. On March 11, 2022, the State of Texas filed a Suggestion for Reconsideration in the CCA conceding that Mr. Escobar is entitled to habeas relief because, inter alia, the judgment convicting him was obtained in violation of due process. The State requested that the CCA order further briefing from the parties in order for the State to provide the CCA with its "analysis of the facts, the law, and the failures in the forensic science that supported [Mr. Escobar's] conviction." State's Suggestion for Reconsideration on the Court's Own Initiative at 6, *Ex parte Escobar*, No. WR-81,574-02 (Tex. Crim. App. Mar. 11, 2022). On March 15, 2022, the CCA issued a postcard denial of Mr. Escobar's pro se motion. Official Notice from Court of Criminal Appeals of Texas, *Ex parte Escobar*, No. WR-81,574-02 (Tex. Crim. App. Mar. 15, 2022) ("On this day, this Court has denied **applicant's** motion for reconsideration/rehearing.") (emphasis added) (Appendix A). At the time of filing this reply, the CCA's docket reflects that the court has not yet ruled on the State's Suggestion for Reconsideration.

Because the State's Suggestion is still under consideration, that basis for Mr. Escobar's request to stay the proceeding is not moot.

## II.    A Stay Should Be Granted While Mr. Escobar Prepares and Files a Petition for a Writ of Certiorari in the United States Supreme Court

The Director argues that Mr. Escobar's case does not present the type of "rarity" that would merit a stay while a petition for a writ of certiorari is pending in the United States Supreme Court. The Director calls a stay "particularly troubling" because it would "warrant a stay of proceedings in every federal habeas case, as long as a party filed a petition for certiorari challenging their state habeas denial." Resp. in Opp. at 4. In fact, the circumstances of Mr. Escobar's case are exceedingly rare for two reasons. First, the State has conceded in an ongoing state collateral proceeding that Mr. Escobar is entitled to relief and agrees that Mr. Escobar's confinement is unlawful due to a due process violation—a circumstance that makes both reconsideration by the state court and, if denied, certiorari review by the Supreme Court, much more likely than in other cases. *See* State's Suggestion for Reconsideration on the Court's Own Initiative at 4, *Ex parte Escobar*, No. WR-81,574-02 (Tex. Crim. App. March 11, 2022) ("[Mr. Escobar's] due process rights under the laws and Constitution of Texas and under the Constitution of the United States have been violated."); *id.* at 2.

Second, the state court collateral judgment for which Mr. Escobar intends to seek certiorari review was rendered on his *second* state court habeas application that was filed shortly before the expiration of the federal statute of limitations, placing his federal case in a markedly different posture from other federal habeas applications brought by capitally sentenced Texas prisoners. In Texas, certiorari review of a state court judgment disposing of an initial state habeas corpus application by a capitally-sentenced prisoner ordinarily concludes well before the statute of limitations expires for filing a habeas corpus application in federal court. This is because Texas has a dual-track system for appellate and collateral review in which a state habeas corpus application is filed before the finality of the underlying judgment on direct review. This

circumstance means that the federal limitations period is tolled immediately upon finality due to the pendency of the state habeas corpus application, and thus capitally-sentenced prisoners typically have the full one-year limitations period remaining in which to file an application in federal court. Certiorari review of the disposition of an initial state habeas corpus application is therefore almost always complete before a federal habeas application is ever filed.

After Mr. Escobar's initial state habeas corpus application was denied, Mr. Escobar discovered new information that his conviction had been obtained in violation of due process and state law. Because claims related to these discoveries had not been presented in his initial state habeas corpus application, and because a state court remedy for them still existed, Mr. Escobar prepared and filed a subsequent state habeas corpus application. As explained in his Motion, Mr. Escobar filed that second application shortly before the expiration of the statute of limitations applicable to filing a habeas corpus application in federal court.[1] See generally 28 U.S.C. § 2244(d).

Whereas certiorari review of the CCA's merits adjudication of a capitally sentenced Texas prisoner's state habeas corpus application has typically long concluded before a federal habeas corpus application is even filed, Mr. Escobar was required to file a protective habeas corpus application before he was able to obtain review of the state court's merits adjudication of his second state habeas application from the Supreme Court. This has created a rare overlap of federal and state proceedings in a Texas capital case. These two circumstances—the State's concession

---

[1] The second state court habeas application was properly filed under state law. The CCA authorized five allegations, concluding, inter alia, that Mr. Escobar had made a threshold showing that, but for a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt. *See* Order at 3, *Ex parte Escobar*, No. WR-81,574-02 (Tex. Crim. App. Oct. 18, 2017) (finding Mr. Escobar met, inter alia, the standard for obtaining consideration of a subsequent habeas corpus application contained in Texas Code of Criminal Procedure article 11.071 § 5(a)(2)).

that the judgment was obtained in violation of the United States constitution and the overlapping of state and federal proceedings—are seldom present and may never have been present in combination. Altogether, Mr. Escobar's case presents the rare case where the concern for unnecessary and duplicative work is present, and his argument for a stay in these circumstances has merit.

### III. This Court Has the Authority to Stay Mr. Escobar's Case During the Pendency of the State's Motion for Reconsideration

Mr. Escobar's Motion also asks this Court to grant a stay to ensure that the CCA will exercise jurisdiction over the State's Suggestion for Reconsideration, which is currently pending in that court. The Director argues that this Court does not have the discretion to stay Mr. Escobar's case absent a request to exhaust a claim in state court or initiate state court proceedings. Resp. in Opp. at 3. The Director is wrong; this Court has the authority to stay these proceedings and should do so to prevent the application of the abstention doctrine, under which Texas courts will not consider state habeas corpus applications when an applicant also has a habeas corpus application pending in federal court concerning the same matter. *See Ex parte Soffar*, 143 S.W.3d 804, 805 (Tex. Crim. App. 2004).

Preliminarily, the Director is operating under the misapprehension that a federal court's power or discretion to stay its proceedings is limited to exhaustion of state remedies under the *Rhines* stay-and-abeyance doctrine.[2] The Supreme Court has expressly acknowledged that "[a] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every

---

[2] *Rhines v. Weber*, 544 U.S. 269 (2005).

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Consistent with this, the Supreme Court recognized in *Rhines* that "[d]istrict courts do ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion. . . . AEDPA does not deprive district courts of that authority." 544 U.S. at 276. In light of the broad power federal district courts possess to stay proceedings, it is therefore unsurprising that the Supreme Court also expressly recognized the propriety of granting a stay while a prisoner pursues certiorari review from a state court collateral judgment in *Lawrence v. Florida*, 549 U.S. 327 (2007), in order to avoid duplicative judicial work. *See id.* at 335 (district court concerned about duplicative work can stay habeas application until Supreme Court resolves case).

Nevertheless, exhaustion of state remedies *is* implicated with respect to the State's Suggestion for Reconsideration filed in the CCA. The State of Texas, through its legally authorized state court representative—the Travis County District Attorney—has invoked a state court remedy related to questions presented in Mr. Escobar's federal habeas application. While reconsideration may not be necessary to exhaustion, the Fifth Circuit has recognized that pursuing relief from Texas state courts via suggestions for reconsideration should not be discouraged.[3] *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A stay is therefore necessary both to let the state court proceeding run its full course and, as Mr. Escobar explained in his Motion, to ensure the state court considers itself jurisdictionally empowered to entertain the State's Suggestion.

Moreover, it is the State of Texas itself that is seeking to invoke the Texas court's jurisdiction and is requesting that further proceedings occur there. The position the Director has

---

[3] Mr. Escobar could have simply waited until the state court finally disposed of any suggestions for reconsideration, but he filed his federal habeas application in an abundance of caution in order to ensure that the federal limitations period would not expire in the meantime.

taken in this Court is clearly incompatible with positions the State of Texas has taken through its legally authorized representative in state court. Because the State of Texas is the true party in interest in this Court, the Director should not be heard to complain about delay or otherwise take a position that may thwart the state court from granting the very relief the State *itself* is requesting from that court. Both comity and equity overwhelmingly support granting a stay in these circumstances.

Stays have been granted in similar circumstances. As discussed in Mr. Escobar's stay motion, in *Ex parte Hunter*, the CCA exercised its authority to reconsider a prior denial of a habeas corpus application, noting that the federal district court in which a habeas application was also pending had stayed its proceeding. *Ex Parte Hunter*, No. WR-69,291-01, 2016 WL 4793152, at *1 (Tex. Crim. App. Mar. 9, 2016) (not designated for publication). The CCA's grant of relief after reconsideration obviated the need for any additional federal proceedings. *See* Order, *Hunter v. Stephens*, No. 10-cv-00778 (S.D. Tex. March 11, 2016) ("State habeas proceedings have concluded. The case is reopened and reinstated to the active docket. But because Hunter is no longer in custody under a death sentence, his federal petition for a writ of habeas corpus is dismissed as moot.").

Likewise, in *Lizcano v. Davis*, the federal district court stayed its proceedings to permit the applicant to file a suggestion for reconsideration related to an already-adjudicated claim that he was ineligible for execution because he was intellectually disabled. The Director had argued that a stay was unnecessary "because [the applicant] has fully exhausted his *Atkins* claim." *Lizcano v. Davis*, No. 3:16-CV-1008-B-BN, 2017 WL 9471836, at *2 (N.D. Tex. Sept. 21, 2017), report and recommendation adopted, No. 3:16-CV-1008-B, 2017 WL 4456706 (N.D. Tex. Oct. 6, 2017). The federal district court granted the stay, and the CCA reconsidered the application and ultimately

granted relief on the claim. *See* Order, *Ex parte Lizcano*, No. WR-68,348-03 (Tex. Crim. App. Sept. 16, 2020) (granting relief); Order, *Ex parte Lizcano*, No. WR-68,348-03 (Tex. Crim. App. Jun. 6, 2018) (granting reconsideration).

For these reasons, this Court has the discretion to stay the proceedings and should do so pending the CCA's consideration of the Suggestion for Reconsideration filed by the State and any further state court proceedings in response to it.

## CONCLUSION

For the foregoing reasons, Mr. Escobar maintains his request for a stay and ask that this Court enter an order: (1) suspending the current scheduling order; (2) staying the federal habeas proceeding until the conclusion of the state habeas corpus proceeding, including by disposition of a petition for a writ of certiorari; and (3) directing the applicant to notify this Court regarding the resolution of those proceedings within 30 days of disposition and submit a proposed scheduling order for resuming the federal proceeding.

Respectfully submitted,

/s/Estelle Hebron-Jones

**Estelle Hebron-Jones**
Texas State Bar No. 24114007
Texas Defender Service
1927 Blodgett Street
Houston, Texas 77004
ehebron-jones@texasdefender.org

**Jennae R. Swiergula**
Texas State Bar No. 24104466
**Kevin Trahan**
Texas State Bar No. 24120670
Texas Defender Service
1023 Springdale Road #14E
Austin, Texas 78721
jswiergula@texasdefender.org
ktrahan@texasdefender.org

## CERTIFICATE OF SERVICE

I certify that on March 31, 2022, I electronically filed the foregoing motion using the CM/ECF system, which included a Notice of Electronic filing upon counsel for the Director, Ali Nasser, at ali.nasser@oag.texas.gov.

/s/Estelle Hebron-Jones
Estelle Hebron-Jones